UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ANTHONY HENSON                                                                                    PLAINTIFF

v.                                                                       CIVIL ACTION NO. 4:11CV-P105-M

MAJOR BILLINGS *et al.*                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow Plaintiff to amend the complaint with respect to his individual-capacity claims against Defendants regarding the June 2011 incident and will dismiss all other claims.

**I.**

Plaintiff Anthony Henson is a convicted inmate incarcerated at the Daviess County Detention Center (DCDC). He filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against DCDC Major Billings and Sergeant Ehlschide in their individual and official capacities.

Plaintiff claims that on or about the first week of June 2011, Defendants Billings and Ehlschide (1) "inappropriately acted in a manner to cause [him] mental and physical trauma, which the behavior of said defendants caused an emotional distress and post dramatic stress"; and (2) "acted in a matter that was in reckless disregard of [his] safety and security by committing a feloneous act of assault and battery." He further claims that "coercian tactics were deployed by both said defendants while concealing a crime that was committed." Plaintiff seems to allege that cameras filmed the incident. Finally, Plaintiff alleges that he received no response to grievances he filed regarding the incident.

Plaintiff alleges that his rights to due process and to be free from cruel and unusual punishment were violated, and he seeks monetary and punitive damages and removal of Defendants from their jobs.

## II.

Because Plaintiff is a prisoner suing governmental officers, this Court must review the instant action under § 1915A.  Under that statute, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, __ , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

(6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants Billings and Ehlschide, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008)

(stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official

decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a county policy or custom in causing his alleged harm. Rather, Plaintiff's complaint appears to be an isolated occurrence in June 2011 affecting only himself. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. The official-capacity claims will be dismissed.

**B.     Individual-capacity claims**

**1. Failure to respond to grievances**

Plaintiff complains that he received no response to his grievances. "[T]here is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) ("Prison inmates do not have a constitutionally protected right to a grievance procedure."). Therefore, Defendants' failure to follow the grievance procedure and respond to Plaintiff's grievances does not give rise to a § 1983 claim. *See, e.g., Johns v. Gobble*, No.

1:10-cv-219, 2011 WL 601539, at *6 (E.D. Tenn. Feb. 11, 2011) ("Plaintiff does not have a constitutional right to receive a response to his requests and grievances."). This claim will be dismissed.

### 2. Incident in June 2011

While the Court is aware of its duty to construe *pro se* complaints liberally, "[i]t is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Moreover, under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it

must be more than *de minimis* for an Eighth Amendment claim to go forward." *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005).

Here, Plaintiff has made only non-specific factual allegations that some sort of incident occurred on June 2011 involving Defendants. The only physical injury alleged by Plaintiff is that he suffered a "physical trauma" and that Defendants committed a "feloneous act of assault and battery." These, too, are non-specific allegations that fail to demonstrate more than a *de minimis* injury.

Before dismissing the individual-capacity claims related to the June 2011 incident, the Court will provide Plaintiff with an opportunity to amend his complaint to provide a factual basis for those claims.

## IV.

For the reasons set forth above,

**IT IS ORDERED** that all official-capacity claims and the individual-capacity, failure-to-respond-to-grievances claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

**IT IS FURTHER ORDERED** that within **30 days** from entry of this Memorandum Opinion and Order, Plaintiff may amend his complaint to provide specific facts regarding the June 2011 incident involving Defendants Billings and Ehlschide.

**Plaintiff is WARNED that his failure to file an amended complaint within the time allowed will result in dismissal of those claims and dismissal of the entire action.**

The **Clerk of Court is DIRECTED** to write "Amended Complaint" and affix this case number in the caption of a blank 42 U.S.C. § 1983 form and mail it to Plaintiff for his use should he desire to amend the complaint.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.005