UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ANTHONY HENSON                                                                        PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:11CV-P105-M

MAJOR BILLINGS *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered December 2, 2011, the Court conducted an

initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997). Upon review, the Court dismissed all claims except for the

individual-capacity claims related to a June 2011 incident involving Defendants Major Billings

and Sgt. Ehlschide. With respect to the remaining claims related to the June 2011 incident, the

Court provided Plaintiff with 30 days within which to amend his complaint to provide specific

facts regarding the matter. The Court warned Plaintiff that his failure to file an amended

complaint within 30 days would result in dismissal of those claims and of the entire action. On

December 7, 2011, the copy of the Memorandum Opinion and Order sent to Plaintiff was

returned to the Court by the U.S. Postal Service stamped "RETURN TO SENDER."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court

advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro

se litigants must provide written notice of a change of address to the clerk and to the opposing

party or the opposing party's counsel. Failure to notify the Clerk of an address change may

result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently,

however, Plaintiff is no longer incarcerated at his address of record, and because he has not

provided any forwarding address to the Court, neither notices from this Court nor filings by

Defendants can be served on him.  In such situations, courts have an inherent power "acting on

their own initiative to clear their calendars of cases that have remained dormant because of the

inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting

this case, the Court will dismiss the action by separate Order.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Daviess County Attorney
4414.005

2