UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ANTHONY HENSON                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 4:11CV-P105-M

MAJOR BILLINGS *et al.*                                                                          DEFENDANTS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered December 2, 2011, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Upon review, the Court dismissed all claims except for the individual-capacity claims related to a June 2011 incident involving Defendants Major Billings and Sgt. Ehlschide.  With respect to the remaining claims related to the June 2011 incident, the Court provided Plaintiff with 30 days within which to amend his complaint to provide specific facts regarding the matter.  The Court warned Plaintiff that his failure to file an amended complaint within 30 days would result in dismissal of those claims and of the entire action.  On December 7, 2011, the copy of the Memorandum Opinion and Order sent to Plaintiff was returned to the Court by the U.S. Postal Service stamped "RETURN TO SENDER."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").  Apparently, however, Plaintiff is no longer incarcerated at his address of record, and because he has not

provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.005